## Rhoda Jaha *vs.* Gottfried Belleg & wife.

The magistrate's record of an action of tort before him set forth that the defendant was defaulted; "and afterwards, by agreement of parties, it was arranged that the damages should be determined by the said justice" on a specified day, "for which purpose the case stood open and was continued to that day. And now," on the day specified, " the defendants, by themselves and their attorney, deny the plaintiff's right to recover any damages in said action. Whereupon the said parties were fully heard and understood by me, the said justice, and it appears to me, the said justice, that the plaintiff has a right to maintain" the action. Damages were accordingly assessed, and judgment rendered therefor, in favor of the plaintiff; and the defendant appealed. *Held,* that in the appellate court the defendant had a right to answer upon the merits and deny his liability to the action.

TORT to recover damages for an assault and battery. The action was originally brought before a magistrate, the material parts of whose record thereof are as follows:

" On the twentieth day of January last, the plaintiff appeared and entered her action. The defendant did not appear, and, at the plaintiff's request, made by her attorney, John H. Stockwell, Esq., was called, and, not answering, was duly defaulted; and afterwards, by agreement of parties, it was arranged that the damages should be determined by the said justice on the 24th day of February, for which purpose the case stood open, and was continued to that day, at the office of John H. Stockwell, Esq., in Webster, in said county. And now, on this 24th day of February 1866, aforesaid, the defendants, by themselves and their attorney, deny the plaintiff's right to recover any damages in said action. Whereupon the said parties were fully heard and understood by me, the said justice, and it appears to me, the said justice, that the plaintiff has a right to maintain her action and recover damages in manner and form as the plaintiff declares. It is therefore considered by me, the said justice, that the said plaintiff recover against the said defendants the sum of twenty-five dollars damage, and costs of suit, taxed at eight and $\frac{24}{100}$ dollars. Against the plaintiff's objection, the defendants were allowed to appeal, and did appeal to the superior court."

In the superior court, a jury trial having been waived, it was agreed that the defendants might have the same right to answer as if they had offered to file their answer at the time of entering the appeal; but *Lord,* J. ruled, upon the peculiar nature of the record, that upon such record and said agreement the defendants could not, as a matter of right, file an answer denying their liability, or introduce any evidence denying their liability to the action. The damages were thereupon assessed at twenty-five dollars; and the defendants alleged exceptions.

*F. P. Goulding,* ( *G. F. Hoar* with him,) for the defendants.

*P. E. Aldrich & J. H. Stockwell,* for the plaintiff.

BIGELOW, C. J. We think it is too strict an interpretation of the record of the proceedings before the magistrate, to hold

that the defendants are thereby estopped from the exercise of a right to plead to the merits of the action in the superior court. The acts and agreements of the parties, as set forth in this record, are to be construed in view of the legal effect properly attributable to judgments in civil actions originally cognizable before magistrates, when they are removed by appeal to the court above. Under Gen. Sts. *c.* 120, § 25, which is a reënactment of Rev. Sts. *c.* 85, § 13, an appeal lies from the judgment of a magistrate rendered upon a default. *Holman* v. *Sigourney*, 11 Met. 436. *Ball* v. *Burke*, 11 Cush. 80. And, in all cases of appeal, whether on a judgment by default or otherwise, it is expressly provided by the same section of the General Statutes that the case " shall be entered, tried and determined in the court appealed to, in like manner as if it had been originally commenced therein." Under this provision there can be no doubt that, unless there is some waiver or stipulation to vary the rights of parties, an appeal opens the whole case as to the law, the facts and the judgment. Nor can the fact that a defendant was defaulted before the magistrate be allowed to have any operation on the rights of a party on the trial of his case in the court above, if due effect is given to the above cited provision. The appeal, of itself, takes off the default, and restores the defendant in the court above to his right to answer to the merits of the case.

There is nothing in the record now before us from which any waiver of this right can be fairly implied. After the default, the case stood for the assessment of damages. Upon this question, it was the right of the defendants, as well as of the plaintiff, to be heard before the magistrate. Gen. Sts. *c.* 133, § 2. By their default, the defendants had only admitted that the plaintiff had a good cause of action. The agreement that the case should stand open until a particular day, for the purpose of an assessment of damages, was only an arrangement for the further and final disposition of the case before the magistrate, which did not operate as a waiver or surrender of the defendants' full right of appeal. Certainly there is nothing to show that it was so intended or understood by the parties at the time, nor is there

anything in the nature of the transaction which warrants the conclusion that any such legal effect is necessarily to be given to it.

But it is suggested that the peculiar nature of the record in this case, as made up by the magistrate, is such as to preclude the defendants from availing themselves of their right to open the merits of the case on the appeal. But we do not think this is the legitimate construction of the language of the record. The judgment appealed from, and which is described as " that judgment," includes not only the assessment of damages, but also the judgment on the default that " the plaintiff has a right to maintain her action." It is the entire adjudication, embracing all the interlocutory as well as the final conclusion of the court, which constitutes the judgment from which the appeal was taken.

In the case of *Commonwealth* v. *Hagarman,* 10 Allen, 401, no question was raised as to the right of the defendant to plead anew on the trial of the case in the appellate court. The single question there decided was as to his right to withdraw his plea of guilty before the magistrate, so that it should not be used as evidence against him on the trial in the court above ; in other words, to strike it from the record. But it was not held that the whole case was not open to the defendant before the jury. On the contrary, the case was tried as upon an issue of not guilty, and, no evidence being offered on either side except the confession of the defendant on record by his plea of guilty before the magi trate, the jury were properly instructed to render a verdict against the defendant. *Exceptions sustained.*